UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dana Todd Rister, | ) | Case No. 3:12cv1286 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Toledo Correctional | ) | & ORDER |
| Institution, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Dana T. Rister filed this action under 42 U.S.C. § 1983 against Toledo Correctional Institution ("ToCI") and ToCI officials Susan Pinski and Rebeckha Brown. In the Complaint, Plaintiff appears to allege due process violations relating to prison policies governing prisoners' legal work and property. He seeks injunctive and monetary relief.

### I. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at ToCI in Toledo, Ohio. In its entirety, the Complaint provides the following "Statement of Claims:"

> Toledo Correctional Institution has policy's [sic] in place which have been ruled to be unconstitutional (destroying a [sic] inmates property without giving him a chance to send it home). Granting some prisoners legal work exemption but not others. These policy's [sic] are in place right now. Susan Pinski in her failure to do her job to correct my civil rights violations further denied me do [sic] process. Rebeckha Brown failed to correct violations to my cival [sic] rights namely a proper predeprivation hearing. Their jobs are to ensure proper compliance with policy, and protect inmates rights.

(Doc. No. 1 at 2). Plaintiff provides no further factual allegations regarding his claims.

Plaintiff asks this Court to order Defendant ToCI to "adhere to policies that are constitutionally acceptable." (Doc. No. 1 at 4). He seeks an injunction "stopping them from destroying property without giving the inmate a chance to send it home." (Doc. No. 1 at 4). In addition, Plaintiff seeks monetary damages for violations of his due process rights.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief can be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Siller v. Dean*, 2000 WL 145167 at * 2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677- 78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

Plaintiff asserts Defendants violated his constitutional rights by enforcing unconstitutional policies relating to prisoners' legal work and property. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. As no other statutory provision appears to present even an arguably viable vehicle for the assertion of Plaintiff's constitutional claims, the Court construes them as arising under 42 U.S.C. §1983.

To set forth a cognizable § 1983 claim, Plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.2d at 375.

The Court will consider each of Plaintiff's claims within this legal context.

#### A. Proper Parties

As an initial matter, ToCI is not a proper party to this civil rights action. Defendant ToCI is a prison facility under the control of the Ohio Department of Rehabilitation & Correction "(ODRC"). It is not its own legal entity, and is not capable of being sued or bringing suit. In other words, it is not *sui juris*. *See e.g. Brown v. Imboden*, 2011 WL 3704952 at * 2 (N.D. Ohio Aug. 23, 2011) (finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983); *Watson v. Gill*, 2002 WL 1396900 at ** 1 (6th Cir. June 26, 2002) (finding that county jail is not a legal entity susceptible to suit under § 1983); *Barnes v. Cuyahoga County Jail*, 2010 WL 148136 (N.D. Ohio Jan. 12, 2012) (same). Accordingly, and in light of the above, the claims against Defendant ToCi will be liberally construed against the State of Ohio.

The State of Ohio, however, is immune from suits for damages. The Eleventh Amendment[1] bars suits brought in federal court against a State and its agencies unless the State has waived its sovereign immunity or consented to be sued in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). There are some exceptions to the immunity recognized by the Eleventh Amendment. A plaintiff may sue a State for damages in federal court when a State expressly consents to suit, or if the case concerns a federal statute that was passed by Congress pursuant to Section 5 of the Fourteenth Amendment and expresses a clear congressional intent to abrogate sovereign immunity. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996); *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

With respect to the instant case, the State of Ohio has not waived sovereign immunity in federal court. *See Mixon*, 193 F.3d at 397. In addition, the Supreme Court has held that the federal statute at issue in this case, 42 U.S.C. § 1983, was not intended to abrogate the States' Eleventh Amendment immunity. *See Will*, 491 U.S. at 66 -67; *Quern v. Jordan,* 440 U.S. 332, 340-41 (1979). Accordingly, Plaintiff's claims against the State of Ohio for monetary relief are barred under the Eleventh Amendment's provision of sovereign immunity and, therefore, dismissed.

Moreover, to the extent Plaintiff is suing Defendants Pinski and Brown for damages in their official capacities as "officials of ToCI," these claims are dismissed.[2] The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. *See also Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). As Plaintiff alleges Defendants Pinski and Brown are employed by ToCI

---

[1] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State." U.S. Const. , Amend. XI. The Supreme Court has interpreted this Amendment as granting States broad sovereign immunity from federal suits filed by their own citizens as well as citizens of other states. *See Pennshurst State School & Hospital v. Halderman*, 465 U.S. 89, 120-21 (1984).

[2] The Complaint does not clearly state whether these Defendants are being sued in their official capacities, individual capacities, or both.

(and, therefore, ODRC), Plaintiff's official capacity claims are construed against the State of Ohio. As such, Plaintiff's official capacity claims against these Defendants for monetary relief are also barred under the Eleventh Amendment. *See Kentucky*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity").

Furthermore, the Supreme Court has held that a State, its agencies, and its officials sued in their official capacities for monetary damages are not considered "persons" for purposes of a § 1983 claim. *See Will*, 491 U.S. at 71. Consequently, even aside from the issue of sovereign immunity under the Eleventh Amendment, Plaintiff fails to state claims for monetary damages against these Defendants pursuant to § 1983.

In light of the above, the Court finds the only potential claims remaining in the Complaint are Plaintiff's due process claims against Defendants Pinski and Brown in their individual capacities, as well as his claims for injunctive relief against the State of Ohio. The Court will now consider the merits of those claims.

### B. Due Process Claims

Plaintiff alleges generally that Defendants Pinski and Brown violated his due process rights. He claims ToCI has unconstitutional policies in place regarding the destruction of inmates' property and exemptions for prisoners' legal work. Without further explanation, he asserts Defendants failed to correct unspecified violations at the prison or "ensure proper compliance with policy and protect inmates' rights." (Doc. No. 1 at 2).

The Court finds Plaintiff's claims are subject to summary dismissal pursuant to § 1915A. Plaintiff provides no factual allegations to support his legal claims. He does not explain who Defendants Pinski and Brown are or define their positions at the prison, other than to state that they are "officials at ToCI." He provides no information regarding their roles or involvement in the alleged unconstitutional conduct. With regard to Defendant Pinski, Plaintiff states only that she is

5

liable for "fail[ing] to do her job to correct my cival [sic] rights violations further denied me do [sic] process." (Doc. No. 1 at 2). No other factual allegations regarding this Defendant are provided. With respect to Defendant Brown, Plaintiff claims this Defendant "failed to correct violations to my cival [sic] rights namely a proper predeprivation hearing." (Doc. No. 1 at 2). Plaintiff does not, however, provide any further information regarding what he was deprived of or why he believes a predeprivation hearing was necessary. Nor does he explain the factual basis for his allegation that Defendant Brown was responsible for conducting such a hearing.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the Supreme Court further explained in *Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id.* at 679.

Pursuant to *Iqbal*, the Court finds the Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face." While Plaintiff alleges generally that Defendants violated his due process rights, he does not plead any facts to support his allegations against these Defendants. Even under the less stringent pleading standards afforded *pro se* litigants, this Complaint is wholly insufficient.

Accordingly, and for the reasons set forth above, Plaintiff's remaining claims are subject to summary dismissal pursuant to § 1915A.³

### IV.  CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to § 1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.⁴

**So Ordered.**

s/Jeffrey J. Helmick<br>
UNITED STATES DISTRICT JUDGE

---

³     The Court notes that Plaintiff has filed another action in this Court which may or may not be related to the instant case.  *See Rister v. Wisely*, Case No. 3:12cv725 (N.D. Ohio) (Helmick, J).  Due to the lack of factual allegations in the instant case, however, it is difficult to determine whether or to what extent the instant action overlaps with Plaintiff's Complaint in *Rister v. Wisely*, Case No. 3:12cv725 (N.D. Ohio).  In light of this uncertainty, the Court treats the instant action as a separate case and dismisses it for the reasons set forth above.

⁴     28 U.S.C. § 1915(a)(3) provides, in pertinent part, that "[a]n appeal may not be taken *in forma pauperis* is the trial court certifies that it is not taken in good fjaith."